498 F.Supp. 1076 (1980)
Katie M. FULTON, etc., Plaintiffs,
v.
Patricia Roberts HARRIS, etc., Defendants.
No. 78-1349C(2).
United States District Court, E. D. Missouri, E. D.
July 30, 1980.
Harry J. Nichols, Dennis W. Fox, St. Louis, Mo., for plaintiffs.
Joseph B. Moore, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on plaintiff's motion for summary judgment. Plaintiff brought this suit pursuant to 42 U.S.C. § 405(g) seeking judicial review of defendant's denial of child's insurance benefits under § 202(d)(1) of the Social Security Act. 42 U.S.C. § 402(d)(1). Plaintiff seeks these benefits on behalf of her daughter Rosie Huggins, the illegitimate daughter of the deceased wage earner, Eddie Huggins.
The facts are not in dispute. Rosie Huggins is the illegitimate daughter of Eddie Huggins. Eddie Huggins died on May 26, 1966, while domiciled in the state of Arkansas. Rosie had not lived with her father since 1963 and there is no evidence that she received any support from him. Likewise, Eddie had never acknowledged in writing that Rosie was his daughter, been decreed by a court to be her father, or been ordered by a court to contribute to Rosie's support.
Application of the relevant statutes dictates that plaintiff's child is entitled to benefits if she would have inherited intestate personal property under the law of Arkansas from her father's estate. Applicants meeting certain age, filing and non-marriage requirements are entitled to benefits if they were "dependent" on the deceased wage earner at the time of his death. 42 U.S.C. § 402(d)(1)(C). Although the evidence is undisputed that Rosie was not, in fact, dependent upon her father at the time of his death, a legitimate or adopted child is deemed "dependent", and an illegitimate child is deemed "legitimate" if one of several conditions are met, 42 U.S.C. § 402(d)(3). One such condition is 42 U.S.C. § 416(h)(2)(A). Mathews v. Lucas, 427 U.S. *1077 495, 514 n.17, 96 S.Ct. 2755, 2766 n.17, 49 L.Ed.2d 651 (1976). Rosie does not contend to have met any of the other possible conditions.
42 U.S.C. 416(h)(2)(A) reads, in pertinent part, as follows:
(2)(A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, . . . Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.
As previously stated, Eddie Huggins was domiciled in Arkansas at the time of his death. The inquiry in this case is, therefore, whether Rosie would have been eligible under Arkansas law to inherit personal property from her father, the deceased wage earner.
The relevant intestacy statute, Ark.Stat. Ann. § 61-141(d), provided at the time of death[1] as follows:
(d) An illegitimate child or his descendents may inherit real or personal property in the same manner as a legitimate child from such child's mother or her blood kindred; but such child may not inherit real or personal property from his father or his father's blood kindred.
Obviously Rosie could not inherit under this statute. The Arkansas Supreme Court, however, in the wake of the decision of the United States Supreme Court in Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), which held a nearly identical intestacy provision in Illinois unconstitutional, ruled that this statute was unconstitutional. Lucas v. Handcock, 583 S.W.2d 491 (Ark. banc 1979). Plaintiff asserts that Rosie therefore would have been able to inherit intestate property from her father, and in turn is eligible for child's insurance benefits.
Had Eddie died after the decision in Trimble, this undoubtedly would be true. In Lucas, supra, the court held that the illegitimate son of the decedent was entitled to inherit, since the statute prohibiting such inheritance was unconstitutional. That decision, however, as well as the Trimble decision, was given prospective effect onlyit would be applied only to deaths after the date Trimble was decided, April 26, 1977, or to cases pending on that date. Frakes v. Hunt, 583 S.W.2d 497 (Ark.1979); Compton v. White, 587 S.W.2d 829 (Ark. 1979). It would not be applied in Rosie's situation, Eddie having died well before Trimble and no litigation pending at the time of that decision.
It is clear, then, that Rosie is not entitled to inherit intestate personal property from her father under Arkansas law. She is therefore not deemed "legitimate" and, in turn, not deemed "dependent". Failing to meet the dependency requirement of 42 U.S.C. § 402(d)(1)(C), she is not entitled to child's insurance benefits.
This Court does not find the decision in Allen v. Califano, 456 F.Supp. 168 (D.Md. 1978), persuasive. Though that decision correctly held the Maryland and Pennsylvania intestacy statutes unconstitutional, it failed to consider the issue of retroactivity. The decision jumped from the conclusion that the statutes were unconstitutional to the conclusion that the children involved could inherit intestate personal property. Such a leap is unwarranted, as shown by Frakes, supra.
Since the decision in Trimble was not applied retroactively by the courts of Arkansas, Rosie is not entitled to inherit her father's intestate personal property. She *1078 therefore fails the test posed by 42 U.S.C. § 416(h)(2)(A). The decision in Allen, supra, failed to correctly apply this test, since it assumed the retroactive application of Trimble, and therefore incorrectly held that the children involved could inherit intestate personal property, even though the deaths in question occurred well before Trimble was decided.
Plaintiff's motion for summary judgment will therefore be denied, and summary judgment will be entered in favor of defendant.[2]
NOTES
[1] This statute has since been amended in an attempt to eliminate its constitutional infirmities.
[2] Since the above discussion totally resolves this case, judgment will be entered in defendant's favor even though she has not moved for summary judgment as yet.