503 F.Supp. 894 (1980)
Leola McLAURIN, for herself and as next friend for Gregory Miles, Plaintiff,
v.
Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant,
and
State of Missouri, Intervenor.
No. 79-1072C(1).
United States District Court, E. D. Missouri, E. D.
October 28, 1980.
J. L. Whaley and Brooke Berger, Legal Services of Eastern Mo., St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., Leslie Ann Schneider, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
On September 18, 1980 the United States Magistrate filed his recommendation that the Court grant the plaintiff's motion for summary judgment and that the defendant's motion for summary judgment be denied. In so doing he held that the defendant Secretary of Health, Education, and Welfare, now the Secretary of Health and Human Services, improperly applied Missouri law on intestate succession to deny plaintiff child's benefits under the Social Security Act, 42 U.S.C. § 402(d)(1). He determined that the Missouri rule which prevents an illegitimate child from inheriting *895 intestate personal property from its father violates the equal protection provision of the Constitution of the United States. Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). Therefore, this rule should not have been applied by the Secretary to deny plaintiff benefits.
The defendant Secretary and the intervenor State of Missouri filed joint written objections which argue that Trimble v. Gordon should not be applied retroactively[*] as the Magistrate did, but prospectively only. They invoke Judge Nangle's unreported opinion in Fulton v. Harris, No. 78-1349C(2) (July 30, 1980), as authority for their position.
In Fulton plaintiff argued that the Arkansas statute which prevented illegitimates from inheriting from their fathers was improperly applied by the Secretary to deny child's benefits. Plaintiff argued that the statute was unconstitutional under Trimble v. Gordon. Judge Nangle recognized that the Arkansas Supreme Court determined that Trimble invalidated the statute, Lucas v. Handcock, 583 S.W.2d 491 (Ark. en banc 1979), and applied Trimble prospectively only, Frakes v. Hunt, 583 S.W.2d 497 (Ark. en banc 1979). Judge Nangle held that Trimble should not be applied in Fulton because the wage earner died before Trimble was handed down on April 26, 1977, and the case was not pending on that date. I agree with Judge Nangle that Trimble should only be applied prospectively.
The Supreme Court of the United States in Trimble did not state whether or not that case should be applied retroactively or only prospectively. In determining whether the courts of Missouri would apply Trimble retroactively, I note that the Missouri Supreme Court has stated on the issue of retroactivity,
In the past it has been stated that "An unconstitutional statute is no law and confers no rights ... (citations omitted).... This is true from the date of its enactment, and not merely from the date of the decision so branding it." (Citations omitted.) The modern view, however, rejects this rule to the extent that it causes injustice to persons who have acted in good faith and reasonable reliance upon a statute later held unconstitutional....
State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner, 583 S.W.2d 107, 118 (Mo. en banc 1979). That court later stated "Generally, it is considered `undesirable to give retroactive effect to overruling decisions, except under the most compelling circumstances.'" Keltner v. Keltner, 589 S.W.2d 235, 239 (Mo. en banc 1979). Trimble dealt with the proper distribution of property in a decedent's estate. To apply Trimble retroactively would doubtlessly jeopardize property rights which have been determined in a good faith reliance on the then current state of the law. Therefore, I believe that the courts of Missouri would apply Trimble only prospectively. See, e. g., Frakes v. Hunt, supra.
In this case the decedent, Isham Brown, died on January 10, 1970 and plaintiff's claim for child's social security benefits was not pending on the date Trimble was handed down. Therefore, plaintiff would not be entitled to benefits under 42 U.S.C. § 416(h)(2)(A).
The Court has carefully reviewed the record and finds that the final decision of the defendant Secretary is supported by substantial evidence in the record. 42 U.S.C. § 405(g). Plaintiff is not entitled to the child's benefits. An appropriate order will issue.
NOTES
[*] The issue of whether Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), should be applied prospectively only or retroactively also was not presented to the Magistrate and he did not treat it in his report.