Ivy L. JACKSON, as next friend, on behalf of Vaughn Errol Lee and Cheston Alexander Lee, minor children, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant,

and

State of Missouri, Intervenor.

No. 80–772C(A).

United States District Court, E. D. Missouri, E. D.

Dec. 29, 1980.

Robert A. Crowe, St. Louis, Mo., for plaintiff.

Anne T. Shapleigh, Asst. U. S. Atty., St. Louis, Mo., Leslie Ann Schneider, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

MEMORANDUM–OPINION

HARPER, District Judge.

Ivy L. Jackson has filed an application as next friend of her children Vaughn Errol Lee and Cheston Alexander Lee, for child's insurance benefits, as provided in the Social Security Act, 42 U.S.C. § 402(d). The claim is directed against the earnings record of Alfred S. Lee, the deceased wage earner, who expired on November 3, 1978, while domiciled in the State of Missouri. The application was denied by the Secretary, who found that the children did not meet the benefit requirements of the Act.

The plaintiff subsequently requested a hearing which was held on March 4, 1980, where she was represented by counsel. The administrative law judge ruled against the plaintiff on March 19, 1980; the Appeals Council of the Social Security Administration affirmed that decision, and this decision of administrative law judge becomes the final decision of the Secretary reviewable by this Court, pursuant to 42 U.S.C. § 405(g).

Inasmuch as the constitutionality of the Missouri statute is at issue in the instant case, the State of Missouri was invited to intervene pursuant to 28 U.S.C. § 2403. The attorney general filed such motion and answer on behalf of the State of Missouri on November 26, 1980.

The claimant requested a hearing wherein she testified that Cheston and Vaughn were twins and were the children of Lee. She stated Lee was the only man with whom she had had sexual intercourse during the conception and gestation of the twins. She testified that Lee orally admitted his paternity, but never made any written acknowledgement of same. She further admitted that there was no court order of paternity or support and that the children did not receive any money from the deceased, nor did they ever live with him.

Both of Lee's parents testified that their son, Alfred, told them that he caused Ivy Jackson's pregnancy, and the parents stated that they treated the children as their grandchildren. The birth certificates of the twins showed Lee as their father.

After considering all of the evidence in the case, the administrative law judge found the claimant children to be the illegitimate children of the deceased wage earner, finding him to be their biological father.

However, because of the technical noncompliance with the appropriate Social Security statute, in that the plaintiff has failed to show that the deceased wage earner acknowledged in writing that the applicants were his sons, that he had not been decreed by a court to be the father of the applicants, or ordered to contribute to their support and that he was not living with or contributing to the support of the children at the time he died, the administrative law judge disallowed the payment of children's benefits to plaintiffs (42 U.S.C. § 416, *et seq.*).

Missouri's intestate succession statute only allows an illegitimate child to inherit from its mother. The biological father and mother must subsequently marry and the father must recognize the illegitimate child or children to be his own, to create valid legitimacy under Missouri law.

Illinois had a similar intestate succession statute which was struck down by the Supreme Court in *Trimble v. Gorden*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). This decision found a statute which treated legitimate and illegitimate children differently was indeed unconstitutional.

The courts in this district have faced this identical claim in at least three prior cases, *Fulton v. Harris*, 498 F.Supp. 1076 (D.C. 1980), *McLaurin v. Harris*, 503 F.Supp. 894 (D.C.1980), and *Burton v. Harris and State of Missouri*, No. 80–377C(4) (December 24, 1980).* All of these cases held that Missouri law which prevents an illegitimate child from inheriting intestate personal property from his biological father violates the equal protection provision of the United States Constitution. *Trimble, supra.* This district court has determined that the cases ruled by *Trimble* would be applied only prospectively. In the instant case, the wage earner died subsequent to the *Trimble* adjudication.

* See also *Regan v. Harris*, No. 78–6048–CV–W–SJ (W.D.Mo. July 5, 1980).

Therefore, without further laboring or reiterating the contents of the aforementioned cases, which are hereby incorporated into this case by reference, this Court now determines that the legitimacy criteria of Missouri law cannot bar plaintiff children from inheriting Social Security benefits from their biological father. Hence, they are entitled to Social Security benefits pursuant to 42 U.S.C. § 402(d).

Accordingly, IT IS HEREBY ORDERED plaintiffs' motion for summary judgment is granted and defendants' motion for summary judgment is denied. Further, the secretary's decision denying child's benefits to Vaughn Errol Lee and Cheston Alexander Lee is reversed, and the case is remanded to the Secretary solely for a determination of the benefits payable to said plaintiffs.

The Court adopts this memorandum-opinion as its finding of fact and conclusion of law, and the Clerk will prepare the order in accordance with the Court's finding herein.