Seneca V. HOWARD, as next friend, on Behalf of Gregory Howard, a minor, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, and State of Missouri, Defendants.

No. 80–529C(3).

United States District Court, E. D. Missouri, E. D.

Feb. 26, 1981.

Sawyer Marglous; Clayton, Mo., for plaintiff.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., Leslie Ann Schneider, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on cross-motions for summary judgment. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of defendant's denial of child's insurance benefits under the Social Security Act. 42 U.S.C. § 402(d).

Plaintiff, Seneca Howard, is the mother and next friend of her minor child, Gregory Howard, for whom she seeks social security benefits from the account of Gregory Shefton, who died in 1974 while domiciled in Missouri.

Plaintiff first filed a claim on behalf of Gregory Howard on August 15, 1974. That claim was denied on January 24, 1975. Plaintiff did not request reconsideration or a hearing or otherwise appeal that denial. Plaintiff refiled the same claim on December 14, 1978. The claim was denied on March 5, 1979. Plaintiff filed a request for reconsideration, which was denied on August 28, 1979. Plaintiff then requested a hearing. The adminstrative law judge (ALJ) declining to apply res judicata, held a hearing on November 20, 1979. The ALJ found that Gregory Shefton was the natural father of Gregory Howard but that Gregory Howard was not entitled to child's insurance benefits under § 216 of the Social Security Act, 42 U.S.C. § 416, because Gregory Shefton had not acknowledged his paternity in writing; no court had decreed that he was Gregory Howard's father or had ordered him to contribute to Gregory Howard's support; and Gregory Shefton was not living with Gregory Howard nor contributing to the child's support when he died. This decision was upheld on reconsideration by the Appeals Council and is, therefore, the final decision of the Secretary of Health and Human Services. Plaintiff, having exhausted her administrative appeals, filed this timely action for judicial review of the Secretary's action.

█ There are no factual disputes, only legal issues. Defendant Harris argues in her memorandum in support of her motion for summary judgment that the doctrine of administrative res judicata should prevent reconsideration of the present claim. While the present claim does involve the same factual material as the first claim, application of the doctrine of res judicata is not appropriate because the plaintiff is challenging the decision on constitutional grounds. *Harapat v. Califano*, 598 F.2d 474, 477 n. 3 (8th Cir. 1979); *Janka v. Secretary of HEW*, 589 F.2d 365, 367 n. 2 (8th Cir. 1978); *McPherson v. Harris*, No. 79–861 C(2) (E.D.Mo., filed Dec. 26, 1979).

The Social Security Act allows illegitimate children of a deceased wage earner to recover benefits if they would be entitled to inherit personal property from the deceased wage earner under the law which would be

applied in determining the devolution of intestate personal property by the courts of the state in which the wage earner was domiciled at the time of his death. 42 U.S.C. § 416(h)(2)(A). Gregory Shefton died domiciled in Missouri, and, therefore, the Missouri intestacy law would be applied. Plaintiff contends that the Missouri law, which provides that illegitimate children can inherit from their mother but not from their father unless he marries the mother and acknowledges the children as his own, Mo.Ann.Stat. §§ 474.060, 474.070 (Vernon), should be held unconstitutional on the basis of *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), which declared invalid the substantially identical Illinois intestacy provision. Plaintiff further contends that *Trimble* should be applied retroactively to allow Gregory Howard, whose father died before *Trimble* was decided, to receive benefits under 42 U.S.C. § 416(h)(2)(A).

Because Gregory Shefton died before the *Trimble* decision and plaintiff's original claim was denied and final before *Trimble*, it is unnecessary for this Court to reach the issue of the constitutionality of the Missouri intestacy law. We imply nothing as to the constitutionality of the Missouri law. We simply adhere to the previous decisions of the Eastern District of Missouri that *Trimble* should be given prospective application only. *McLaurin v. Harris*, 503 F.Supp. 894 (E.D.Mo.1980); *Fulton v. Harris*, 498 F.Supp. 1076 (E.D.Mo., 1980). Even if the Missouri intestacy provisions were declared unconstitutional, plaintiff would not be entitled to benefits under 42 U.S.C. § 416(h)(2)(A). *McPherson v. Harris*, No. 79–861 C(2) (E.D.Mo., filed Nov. 13, 1980). To allow plaintiff to recover benefits for her child by refiling this claim after *Trimble* would amount to retrospective application of *Trimble*. Accordingly, plaintiff's motion for summary judgment will be denied and defendants' motion granted.