**Katie M. FULTON, as Mother and Natural Guardian on behalf of Rosie Huggins and Maxine Huggins, Minors over the age of Fourteen, Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare of the United States, or her successor or successors in office, Appellee.**

No. 80–1887.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1981.

Decided Sept. 15, 1981.

Harry J. Nichols, Dennis W. Fox, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and HENLEY, Circuit Judges, and NICHOL,* Senior District Judge.

---

* The Honorable Fred J. Nichol, Senior District Judge, District of South Dakota, sitting by designation.

HENLEY, Circuit Judge.

Katie M. Fulton, mother and natural guardian of Rosie Huggins, appeals the order of the district court, 498 F.Supp. 1076, granting summary judgment in favor of the Secretary of Health and Human Services, who denied appellant's claim for child's insurance benefits for Rosie. We reverse the district court's decision and order the entry of summary judgment for appellant.

Rosie Huggins is the daughter of appellant and Eddie Huggins, the deceased wage earner. She was born during the three years that appellant and Rosie's father lived together, unmarried, in Mississippi. In 1962 appellant left Rosie with Huggins and his mother and moved to St. Louis with another daughter who was fathered by Huggins. One year later Rosie joined her mother and sister in St. Louis. Appellant testified during the administrative hearing that several months after she moved to St. Louis, Huggins sent her $25.00 on one occasion and $50.00 on another. It appears from the record that these payments were the only support paid by Huggins after appellant moved to St. Louis. There was no further contact between appellant and Huggins until his death in May, 1966.

Appellant filed the instant claim on behalf of her daughters[1] on February 11, 1977.[2] After a hearing, the Administrative Law Judge (ALJ) found that Huggins was Rosie's natural father,[3] but "was not either living with or contributing to [her] support at the time of his death or over any reasonable period preceding death." Thus, the ALJ determined that Rosie was not entitled to child's benefits on the earnings record of Eddie Huggins since she was not dependent on him at the time of his death. See 42 U.S.C. § 402(d)(1)(C)(ii). The Appeals Council adopted the ALJ's decision denying Rosie benefits on October 12, 1978. Appellant now appeals from the judgment of the district court affirming the denial of benefits.

In addressing appellant's contention that her daughter is entitled to child's insurance benefits, we note initially that under the statute a child is deemed dependent on the deceased wage earner unless the child is illegitimate and is not living with the insured parent or is not receiving support from that parent. 42 U.S.C. § 402(d)(3)(A). A child is deemed legitimate and, consequently, dependent if she may inherit personal property from the insured parent under the law of the state where that parent was domiciled at the time of his death.[4] Mathews v. Lucas, 427 U.S. 495, 514–15 n.17, 96 S.Ct. 2755, 2766–67 n.17, 49 L.Ed.2d 651 (1976); 42 U.S.C. § 416(h)(2)(A). Thus, to determine whether. Rosie was deemed dependent on her father, we must examine the Arkansas statute governing descent and distribution, Ark.Stat.Ann. § 61–141(d),

---

1. Appellant's claim was brought on behalf of Rosie and another daughter, Maxine, who was also fathered by Eddie Huggins. Because the Appeals Council found that Maxine met the eligibility requirements for survivor benefits, only Rosie's eligibility is at issue in this appeal.

2. Appellant filed two prior applications for child benefits, which were denied. No appeals were taken from the denial of these claims.

3. The Secretary determined that the testimony of appellant and an older daughter, Dorothy Lee Fulton, provided convincing evidence of Huggins' paternity. See 20 C.F.R. §§ 404.-708, .731 (1981). We conclude that this finding is supported by substantial evidence. See Brand v. Secretary of Health, Education, and Welfare, 623 F.2d 523, 527 (8th Cir. 1980).

4. In Point II of its brief, the government argues that appellant failed to establish that Rosie was dependent on her father at the time of his death because she did not show that Rosie was the child of a marriage rendered invalid by some legal impediment, 42 U.S.C. § 416(h)(2)(B); or that Huggins had acknowledged in writing that Rosie was his daughter, 42 U.S.C. §.416(h)(3)(A)(i)(I); had been decreed Rosie's father by a court, 42 U.S.C. § 416(h)(3)(A)(i)(II-); or had been ordered to contribute to Rosie's support, 42 U.S.C. § 416(h)(3)(A)(i)(III). Although it is true that a child will be deemed dependent if any one of these conditions is met, appellee's contention that the statutory scheme makes these criteria the exclusive means of proving dependency was rejected by the Supreme Court in Jimenez v. Weinberger, 417 U.S. 628, 631 n.2, 634, 94 S.Ct. 2496, 2499 n.2, 2500, 41 L.Ed.2d 363 (1974). See Mathews v. Lucas, 427 U.S. 495, 514–15 n.17, 96 S.Ct. 2755, 2766–67 n.17, 49 L.Ed.2d 651 (1976).

that was in effect at the time of Eddie Huggins' death. That statute provided:

> An illegitimate child ... may inherit real or personal property in the same manner as a legitimate child from such child's mother or her blood kindred; but such child may not inherit real or personal property from his father or from his father's blood kindred.

In *Lucas v. Handcock*, 583 S.W.2d 491 (Ark. en banc 1979), the Arkansas court declared this statute unconstitutional [5] as a result of *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), in which the Supreme Court held that a nearly identical Illinois intestacy provision violated the equal protection clause. In *Lucas*, the court applied *Trimble* retroactively to allow an illegitimate child to take an intestate share of his grandfather's estate. Although the deceased died before *Trimble* was decided, the court found that litigation to which the child was a party was pending at the time of the *Trimble* decision and therefore concluded that the child could take the share to which his father would have been entitled had he survived the deceased. The Arkansas court did not deviate from this position in *Frakes v. Hunt*, 583 S.W.2d 497 (Ark. en banc 1979), and *Compton v. White*, 587 S.W.2d 829 (Ark.1979), in which it refused to give retroactive effect to *Trimble* because the fathers of the illegitimate children died before the date of the *Trimble* decision and no litigation to which the children were a party was pending at that time.

In the instant case, the district court also declined to apply *Trimble* retroactively after finding that Eddie Huggins died almost eleven years before *Trimble* was decided and that no litigation was pending at the time of that decision. Thus, the court concluded that because Rosie could not inherit personal property from her father under Arkansas law, she was not legitimate and in turn was not deemed dependent on Huggins at the time of his death. On appeal, the issue before us is whether the district court erred in deciding that *Trimble* should be given prospective effect only. We conclude that the district court did err in refusing to apply the *Trimble* decision to the circumstances of this case.

Appellant in the instant case applied for child benefits on Rosie's behalf on February 11, 1977, two and one-half months before *Trimble* was decided.[6] The final decision of the Secretary was not rendered until October 12, 1978. *See* 20 C.F.R. § 404.981 (1981). Because it is clear from these circumstances that appellant's claim for child benefits was pending at the time *Trimble* was decided, we must apply the rule enunciated in *Trimble* to the instant case. *See Linkletter v. Walker*, 381 U.S. 618, 625–27, 85 S.Ct. 1731, 1735–36, 14 L.Ed.2d 601 (1965); *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801); *Flanigan v. Burlington Northern, Inc.*, 632 F.2d 880, 887–89 (8th Cir. 1980); *Lucas v. Handcock, supra*, 583 S.W.2d at 491.

In reaching this conclusion, we note that appellee's reliance on *Frakes v. Hunt, supra*, 583 S.W.2d at 497, is misplaced. In *Frakes*, the illegitimate daughter of the decedent contended that in light of *Trimble* she was the sole heir to four hundred acres of land owned by her father. The decision declining to apply *Trimble* retroactively was expressly grounded on the strong preference for order and finality in the administration of estates, stability of title to property, and the decedent's purported reliance on the existing law disallowing inheritance by an illegitimate child from his father. *Frakes v. Hunt, supra*, 583 S.W.2d at 499. In the instant case, appellant has not made a claim against Huggins' estate; she is

---

**5.** The statute was amended in 1979 and now allows an illegitimate child to inherit from his father provided one of several conditions is met. *See* Ark.Stat.Ann. § 61–141(d) (Cum. Supp.1981). In the absence of an express legislative intent to give the amended statute retroactive application to pending cases, the Supreme Court of Arkansas refused to do so in *Lucas v. Handcock*, 583 S.W.2d 491, 496 (Ark. en banc 1979).

**6.** *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), was decided on April 26, 1977.

**644**

seeking benefits that are not subject to probate. Therefore, we are not here concerned with the litigation of claims against an estate, questions of title to property, or decedent's reliance on the Arkansas statute in disposing of his property. It is also clear that no rights of third parties are at stake. Thus, our decision is not inconsistent with and does not undermine legitimate state interests in the orderly disposition of decedents' estates and the certainty of title to property.

Accordingly, we reverse the judgment and order the district court to enter summary judgment for appellant.