664 F.2d 667
 Doris A. GROSS, as the next friend of and on behalf of
Yolanda Scott, Debra Scott, and Tina Scott, minor
children, Appellant,
v.
Patricia Roberts HARRIS, Secretary of Health and Human
Services, Appellee.
Seneca V. HOWARD, as Next Friend, on behalf of Gregory
Howard, a Minor, Appellant,
v.
Richard S. SCHWEIKER, Secretary of Health and Human Services
and State of Missouri, Appellees.
Leola McLAURIN for herself and as next friend for Gregory
Miles, Appellant,
v.
Patricia Roberts HARRIS, Secretary of Health and Human
Services, Appellee.
Dorothy McPHERSON, individually and as next friend of her
minor children, Patrick McPherson and Lawrence
McPherson, Appellant,
v.
Patricia HARRIS, Secretary, Health, Education and Welfare, Appellee.
 Nos. 81-1241, 81-1387, 80-2196 and 81-1043.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 16, 1981.
Decided Nov. 25, 1981.
 
 J. L. Whaley, argued, Brooke A. Berger, Richard D. Chase, Harry J. Nichols, Dennis W. Fox, argued, St. Louis, Mo., Sawyer Marglous, Clayton, Mo., for appellants.
 John Ashcroft, Atty. Gen., Leslie Ann Schneider, Asst. Atty. Gen., Jefferson City, Mo., for intervenor.
 Robert D. Kingsland, U. S. Atty., Joseph B. Moore, argued, Wesley D. Wedemeyer, Bruce D. White, Asst. U. S. Attys., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Dept. of Health and Human Services, Robert VanNorman, Frances E. S. Reddis, Attys., Dept. of Health and Human Services, Kansas City, Mo., Stanley Ericsson, Dept. of Health and Human Services, Baltimore, Md., of counsel.
 Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.
 HENLEY, Circuit Judge.
 
 
 1
 These consolidated appeals are from orders of various district court judges granting motions for summary judgment in favor of the Secretary of Health and Human Services. In all of these appeals, appellants are urging (1) that the former Sections 474.060 and 474.070 of the Missouri Statutes unconstitutionally discriminate on the basis of legitimacy and sex under Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), and (2) that Trimble should be applied retrospectively, so that the claims for child insurance benefits which are the bases for these appeals may be paid. We reverse, 503 F.Supp. 894.
 
 
 2
 Briefly, the Social Security Act provides four methods whereby an illegitimate child of a deceased wage earner may properly claim child's insurance benefits based on the earnings record of the deceased. In essence, three of these methods allow recovery if (1) the infant is a child of a marriage rendered invalid by some legal defect, (2) the deceased wage earner was actually living with or contributing to the support of the infant claimant at the time of the wage earner's death, or (3) the deceased wage earner had (a) acknowledged the infant claimant in writing, or (b) been decreed by a court to be the claimant's parent, or (c) been ordered by a court to support the claimant on the basis of parenthood. 42 U.S.C. §§ 416(h)(2)(B), 416(h)(3)(C)(i), 416(h)(3) (C)(ii).
 
 
 3
 Appellants do not contend that they are entitled to benefits under any of the approaches set forth above. There exists, however, one other avenue by which an illegitimate claimant can show entitlement to benefits based on the wages of his or her father, and it is this avenue that appellants contend is open to them.
 
 42 U.S.C. § 416(h)(2)(A) states:
 
 4
 (2)(A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.
 
 
 5
 42 U.S.C. § 416(h)(2)(A) (1974). Accordingly, under the statute, we look to Missouri law to determine whether appellants are entitled to benefits.
 
 
 6
 The applicable Missouri statutes in effect when these appeals were filed provided:
 
 
 7
 474.060 Illegitimate children inherit from mother, etc.
 
 
 8
 Illegitimate children are capable of inheriting and transmitting inheritance on the part of their mother, and a mother may inherit from her illegitimate children, in like manner as if they had been lawfully begotten of her.474.070 Legitimation by marriage
 
 
 9
 If a man, having by a woman a child or children, afterward intermarries with her and recognizes the child or children to be his they are thereby legitimated.
 
 
 10
 Mo.Ann.Stat. §§ 474.060; 474.070 (Vernon). Thus, if an illegitimate child's natural father died while domiciled in Missouri, that child can claim benefits under 42 U.S.C. § 416(h)(2)(A) only if the child's father, before his death, had (1) intermarried with the child's natural mother, and (2) recognized the child as his.
 
 
 11
 As stated, appellants contest the validity of these two Missouri statutes. We cannot immediately address this contention, however, because we must also take into account the Missouri Legislature's recent revision of Section 474.060. The revised statute, which became effective on January 1, 1981, provides, in pertinent part, as follows:
 
 
 12
 474.060 Determination of relationship of parent and child-...-illegitimate child, relationship determined
 
 
 13
 2....(A) person born out of wedlock is a child of the mother. That person is also a child of the father, if either of the following occur: ...
 
 
 14
 (2) The paternity is established by an adjudication before the death of the father, or is established thereafter by clear and convincing proof....
 
 
 15
 Mo.Ann.Stat. § 474.060 (Vernon) (1981 Supp.).
 
 
 16
 In light of the revised statute, and in light of our recent decision in Fulton v. Harris, 658 F.2d 641 (8th Cir. 1981), the Secretary has urged at oral argument that we remand these appeals for determination of parenthood under the clear and convincing proof standard provided by the revised statute. For reasons to be stated, however, we decline to do so.
 
 
 17
 These appeals were pending at the time that the revised statute became effective,[1] and, ordinarily, we would be constrained to apply the revised statute to these appeals if no manifest injustice would result. Bradley v. School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801); Flanigan v. Burlington Northern Inc., 632 F.2d 880, 888-89 (8th Cir. 1980).
 
 
 18
 It is apparent that these cases and other recent Supreme Court decisions dealing with issues similar to the one before us have been based, at least in part, on the absence of any constitutional provision either mandating or prohibiting such retroactive application. Williams v. United States, 401 U.S. 646, 651, 91 S.Ct. 1148, 1151, 28 L.Ed.2d 388 (1971); Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965). See Bradley v. School Board, 416 U.S. at 715 n.21, 94 S.Ct. at 2018 n.21. The Missouri Constitution, however, contains a provision which expressly prohibits its legislature from enacting a law which is retrospective in its operation. Mo.Const. art. 1, § 13. Given the existence of this provision, we cannot believe that the Missouri Legislature intended to apply the revised statute retrospectively, because such an intent, if given effect, would clearly be in violation of the Missouri Constitution's mandate. We therefore find that these appeals should not be remanded for application of the burden of proof standard of the revised statute. See Bradley, 416 U.S. at 711, 715 n.21, 94 S.Ct. at 2016, 2018 n.21.[2]
 
 
 19
 In the absence of the revised statute, we are left with the former version of § 474.070, which was in effect when these claims were filed. As we have noted, however, the constitutionality of the statute has been called into question.
 
 
 20
 We have no difficulty in holding the former § 474.070 unconstitutional. This section, when combined with § 474.060, is virtually identical with the Illinois statute held unconstitutional in Trimble.
 
 
 21
 Our inquiry, however, is not ended by a simple comparison of the statutes. In order to resolve this litigation, it remains for us to determine (1) whether the statute is unconstitutional in whole or only in part, and (2) whether the Trimble decision may be applied retrospectively so that the appellants may benefit from that decision. We shall address these issues seriatim.
 
 
 22
 The Missouri statute provides, in effect, that the illegitimate child of a male is legitimated if, after birth, the father marries the mother and recognizes the child to be his. The Secretary has urged that only the intermarriage requirement be declared unconstitutional, thus leaving the recognition requirement, which, it is contended, would be constitutionally permissible under Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).
 
 
 23
 We find the Secretary's argument unpersuasive for two reasons. First, the New York statute in Lalli is quite different from the one before us now. The New York statute allows illegitimates to inherit if a suit was instituted to determine paternity within two years after their birth. Id. at 261-62, 99 S.Ct. at 521-22. Nothing comparable to that opportunity is provided to the illegitimate child under the former Missouri statute, and such opportunity would remain nonexistent under the statute as it is construed by the Secretary.
 
 
 24
 Our second reason against holding the statute only partially unconstitutional is that in Trimble, the Illinois statute was declared unconstitutional in its entirety. 430 U.S. at 776, 97 S.Ct. at 1468. We are constrained to follow the Supreme Court's lead.
 
 
 25
 The retroactivity issue is slightly more troublesome. We observe that this issue is substantially different from the issue of retroactive application of the revised statute. We are not now dealing with an enactment of the Missouri Legislature that is subject to the restraints of the Missouri Constitution. We are dealing now with a decision of the Supreme Court, which decision interprets and applies the Federal Constitution. Thus, the restraints of the Missouri Constitution do not apply.
 
 
 26
 Trimble should clearly be applied to the appeal of Ms. Gross, because the claim on behalf of her children was pending at the time that Trimble was decided. There is no distinction, for the purposes of this issue, between her appeal and the appeal in Fulton v. Harris, supra.
 
 
 27
 The remaining three appeals, however, involve applications for benefits filed after the Trimble decision was rendered.[3] These three appeals thus present the question, not decided in Fulton, of retroactive application of Trimble to claims not pending at the time that it was decided.[4]
 
 
 28
 In the recent case of Flanigan v. Burlington Northern Inc., supra, this court had an opportunity to examine several Supreme Court decisions dealing with the issue of retroactive application of decisional laws. After discussing such cases as Bradley v. School Board, supra; Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); Williams v. United States, supra; Linkletter v. Walker, supra; and United States v. Schooner Peggy, supra, this court concluded that "(w)hen constitutional ... rules are involved the Linkletter-Williams-Chevron rule is clearly applicable." 632 F.2d at 888. This rule, as expressed in Chevron, is as follows:
 
 
 29
 In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "(w)here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."
 
 
 30
 404 U.S. at 106-07, 92 S.Ct. at 355-56 (citations omitted, brackets original).
 
 
 31
 In applying this test to the instant appeals, we observe that the first element of the Chevron test is present, because Trimble was not foreshadowed by previous Supreme Court decisions. Indeed, the prior decisions in Mathews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976), and Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), would appear to have indicated that a contrary result might be reached in Trimble.
 
 
 32
 The second element of the Chevron test, however, is not present here. It is self-evident that the purpose of the Trimble decision was to prevent constitutionally impermissible discrimination against illegitimates. Retrospective application of Trimble would thus further the Trimble purpose. See Jimenez v. Weinberger, 523 F.2d 689, 703 (7th Cir. 1975), cert. denied, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976).
 
 
 33
 Finally, we find that no impermissible injustice or hardship would result from the limited application of Trimble that is urged here. Had these appeals involved rights or properties vested in third persons under the laws of descent and distribution of the State of Missouri, our result might be different. Here, however, appellants have insisted that they have no desire to disturb such rights. Instead, they have requested retroactive application of Trimble to claims for Social Security benefits only.
 
 
 34
 Several factors indicate that retroactive application of Trimble will not have a substantial inequitable impact on other beneficiaries under the Act. First, it is clear that such beneficiaries do not have a property interest in future benefits under the Act. Fleming v. Nestor, 363 U.S. 603, 608, 80 S.Ct. 1367, 1371, 4 L.Ed.2d 1435 (1960).
 
 
 35
 Second, the individual claimants herein have only limited eligibility for benefits accruing prior to the filing of their claims.[5] Third, it is doubtful that these claimants' eligibility for past benefits will have any significant adverse impact (assuming that there is any impact at all) on the rights of other persons who have received benefits based on the earnings of these deceased wage earners.[6] Finally, to the extent that there is an adverse impact on the rights of these other beneficiaries, we feel that the impact would be permissible. The other beneficiaries' rights depend solely on the statutory scheme, and it is apparent from a reading of sections 402(j) and 404 of the Act that such beneficiaries take subject to permissible recalculations of their past benefits. See Burrow v. Finch, 431 F.2d 486, 490-92 (8th Cir. 1970).
 
 
 36
 Because the second and third elements of the Chevron test are not present here, we hold that Trimble may be applied retrospectively to the applications involved in these appeals. We reiterate, however, that we here apply Trimble retroactively only to claims for benefits under the Social Security Act. The question of retroactive application to claims implicating vested property rights under the laws of Missouri is not now before us.
 
 
 37
 For the foregoing reasons, we reverse the orders of the district courts. In addition, because the fully supported conclusions of the ALJs in each of these appeals were that these illegitimate children were in fact the children of the deceased wage earners in question, we direct the district court judges to enter orders of summary judgment in favor of the individual plaintiffs herein, and to remand these cases to the Department for calculation of benefits.
 
 
 
 [1]
 Howard v. Schweiker was still pending in the district court at the time that the revised statute became effective. The district court in cases such as these, however, is essentially performing an appellate function. See 42 U.S.C. § 405(g)
 
 
 [2]
 In those cases where an application had been filed before the effective date of the statute, but where no hearing had been held prior to that date, our conclusion would be different. Imposition of the clear and convincing evidence standard would not then affect any previously litigated rights of the claimant in such a case. Accordingly, the revised statute would not be operating retroactively. See State ex rel. St. Louis-San Francisco Ry. Co. v. Buder, 515 S.W.2d 409 (Mo. en banc 1974)
 
 
 [3]
 In these appeals, the wage earners in question died between 1970 and 1974. In two of these cases, McPherson v. Harris and Howard v. Schweiker, applications for benefits were filed and rejected prior to the Trimble decision. Subsequent claims were filed after Trimble was decided. These claims were held not barred on res judicata grounds because of the new constitutional issues raised, and these holdings have not been appealed
 
 
 [4]
 There appear to be different "types" of retroactivity. Retroactivity in its purest sense would occur, for example, if these appeals involved retroactive application of Trimble to claims involving the Illinois statute held unconstitutional in that case, where the wage earner had died prior to the Trimble decision and where no claim had been filed until after that decision had been rendered
 Another type of retroactivity is the type considered here. Trimble did not per se hold that the Missouri statutes being considered herein are unconstitutional, and it is thus arguable that these appeals do not involve retroactive application of Trimble at all. It is apparent, however, that the purpose of that decision was to serve notice that the Illinois statute and all statutes similar thereto are impermissibly discriminatory. Especially where, as here, it is apparent that Trimble was a motivating factor in the filing of these claims, we are not prepared to ignore the retroactivity issue.
 Still a third type of retroactivity involves application of a change in law to a pending appeal. This type of retroactivity has been described as "(o)ne form of limited retroaction...," Linkletter v. Walker, 381 U.S. at 625, 85 S.Ct. at 1735, and would generally appear to have a more restricted impact on vested or settled rights. This form of retroaction is the form involved in Fulton and in Gross.
 
 
 [5]
 42 U.S.C. § 402(j)(1) allows benefits to be paid only for twelve months preceding the month in which an application for benefits is filed, if the applicant is otherwise eligible
 
 
 [6]
 Subject to certain exceptions contained in § 402(j)(4), a claimant's eligibility for past benefits is reduced "to any extent that may be necessary, so that (payment of such benefits) will not render erroneous any benefit which, before the filing of (the) application, the Secretary has certified for payment ...." 42 U.S.C. § 402(j)(1). Although it is not clear from the record on appeal whether any of the exceptions contained in § 402(j)(4) are applicable to any of these cases, we observe that the Secretary has the burden of showing that such exceptions apply. See Jimenez v. Weinberger, 523 F.2d at 704